May it please the Court, Eric Multop on behalf of Petitioner Charles Spence. Petitioner, a 16-year-old youth at the time of this offense, had gotten himself into an unsavory lifestyle involving drug use and criminally oriented companions. He's currently under sentence of life for not participating in a robbery, for not shooting Dominic Tonelli, and for not getting the effective assistance of counsel. Where the Sacramento Superior Court made an unreasonable application of Strickland and the Sixth Amendment is found at ER 42 and 43, where the Superior Court stated that while Petitioner may have refused to participate in the robbery, when he acceded to Smithson's demand that he hand over the gun so that Smithson could commit the robbery, that eviscerated any possible defense. That is an unreasonable application of the law and the facts for the following reason. California law makes a bright line distinction on the following ground. If a would-be felon is conscience stricken prior to his conduct ripening into a criminal attempt, he's relieved of liability. On the other hand, if a would-be felon is conscience stricken after proceeding to the point of attempting to commit a crime, such as walking into a bank and saying, he's only relieved of reliability if he takes all possible efforts to prevent the eventual commission of the crime. Spence had only one defense in this case, and that was that his conduct amounted to mere preparation in that he got a pang of conscience, was conscience stricken prior to any attempt, and that therefore he was not liable for Smithson's subsequent conduct. The Superior Court was unreasonable in not accepting that as a viable defense, in not finding and agreeing to finding deficient performance and strickland prejudice, and the District Court at ER 4748 was similarly remiss in refusing to see that the defense that was not presented was the only one that carried a question of fact for the jury that could have resulted in Petitioner's exoneration. Unless there are some questions, I would like to reserve my time for rebuttal. Okay. Thank you. May it please the Court. Justin Riley on behalf of the Warden. Here we have a Miranda claim with an argument that this is an unreasonable determination of the facts. The appellant is arguing that the detective – one of the detectives made a statement that he believed or he thought that the appellant did not need an attorney. And he points to an apparent contradiction about the State court's determination of the facts. And the apparent contradiction is that the State court in discussing custodial, whether or not the interrogation was custodial, found that both detectives were at the defendant's side the entire time. And then, in determining whether or not the statement was made in the presence of the Petitioner, found that one or the other of the attorneys had left. And appellant makes much ado about this contradiction. But the State court's determination of the facts is easily interpreted as one or the other of the detectives was there at the same time. The contradiction is just a misinterpretation of the facts. As for the insufficiency of the evidence claims, appellant is making a lot of the interpretation of California law. I think I counted two citations to any Federal law whatsoever in both of those insufficiency of the evidence arguments. This Court is unable to reinterpret State law the way appellant does, and therefore the insufficiency of the claims – insufficiency of the evidence claims must fail. And in conclusion, the ineffective assistance of counsel claims rely on a transposition of conspiracy law within California with aider and abetter law that just doesn't occur in California law. And as the State court found, California law does not allow a conspiracy-type theory defense in this situation. The court found that this was a textbook example of aiding and abetting, and therefore appellant's counsel was acting reasonably and he was not prejudiced. I'd love to answer any questions on any of those claims. If I may. There don't appear to be any questions. Thank you. Thank you. Briefly, Your Honors, regarding the insufficiency of evidence claims, the primary United States Supreme Court case is Jackson v. Virginia. And in all insufficiency of evidence claims relating to convictions under State law, the Federal court has to look at the elements of State law and the evidence presented to determine whether a reasonable trier of fact could have found that the prosecution carried its burden of proof. So the fact that Petitioner enumerated the elements of California law with citations and enumerated the facts is exactly what is supposed to go into a Federal Jackson v. Virginia claim, as opposed to Respondent's suggestion that it was a deficient presentation of the claim. I urge the Court to look closely at the ineffective assistance of counsel claim because it relates to whether, not relating to conspiracy whatsoever, but it relates to whether there was a viable defense that Spence desisted at a time when they were engaged in mere preparation, thereby relieving himself of reliability, even though he handed over the gun under pressure from Smithson, as opposed to him being an aider and a better at that time. And counsel, just to go over the question, did Spence, did he go to the burglary site? No. Okay. And when did he hand over the gun? I'm sorry, Your Honor. I thought you were referring to the burglary site where Tinelli burgled the loot that was the ostensible target of the robbery. Your Honor is referring to whether Spence was present when the gun was passed over to Smithson. Is that Your Honor's actual question? Right. Yes. Yes. All that occurred in Spence's residence where he and Smithson were living at the time. And he handled the gun when he got it out of his mother's bedroom during the mere preparatory efforts prior to his telling Smithson that he didn't want to go through with it. Thank you, Your Honor. I guess that's it. The matter just argued is submitted for decision.
judges: Schroeder, Thomas, Gould